UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOLLAR CASTLE, INC.,
a Michigan corporation,

       Plaintiff,

                                            Case No. 05-70278

v.

                                            Hon. Patrick J. Duggan

S AND D RETAIL, LLC,
a Michigan limited liability company,

       Defendant.

_____

**CONSENT FINAL JUDGMENT**

At a session of said Court, held in the U.S.
District Courthouse, City of Detroit, County of
Wayne, State of Michigan, on MAY 25, 2005.

Upon review of the documents and for good cause appearing therein, IT IS THE

JUDGMENT OF THIS COURT THAT:

1.     Defendant, S and D Retail, LLC shall pay to Plaintiff, Dollar Castle, Inc. the

    amount of $15,000 plus any additional sum due as a result of S & D's delay in

    payment pursuant to the terms of a Settlement Agreement entered into

    between the Parties dated May 24, 2005, a signed copy of which is attached as

    Exhibit 1.

2.     The Permanent Injunction entered against Defendant by the Court on April

    27, 2005, to which Defendant consented, is hereby incorporated into this

    Consent Judgment and shall remain in full force and effect.

3.      The Parties are responsible for their own attorneys' fees and costs, with the

exception of the attorney's fees previously awarded to Plaintiff by this Court

in the Order of April 27, 2005.

4.      This Court shall retain jurisdiction over this matter for purposes of enforcing

this Consent Judgment and the associated Settlement Agreement.

5.      This Consent Judgment constitutes a FINAL JUDGMENT of this Court

For Dollar Castle, Inc.                                    For S & D Retail, LLC.

/s/Mark  Schneider_____           /s/Josef A. Conrad w/
consent_____
Signature                                                         Signature

Mark Schneider (P55253)_____           Josef A. Conrad (P42313)
_____
Print Name                                                      Print Name

Counsel for Plaintiff_____             Counsel for Defendant
_____
Title                                                                 Title

Date: May 24, 2005_____             Date: May 24, 2005
_____

s/PATRICK J. DUGGAN
UNITED STAES DISTRICT JUDGE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DOLLAR CASTLE, INC.,
a Michigan corporation,

       Plaintiff,

                                             Case No. 05-70278

v.

                                             Hon. Patrick J. Duggan

S AND D RETAIL, LLC,
a Michigan limited liability company,

       Defendant.

_____

_____

**SETTLEMENT AGREEMENT**

       **WHEREAS**, DOLLAR CASTLE, INC, ("DCI"), a Michigan corporation having

a mailing address at 23840 West Eight Mile Road, Southfield, Michigan 48034, is the

owner of U.S. Registration No. 2,819,752 for use of the service mark DOLLAR CASTLE

in connection with retail store services featuring general merchandise ("the Mark"); and

       **WHEREAS**, S AND D RETAIL, LLC, ("S & D") a Michigan limited liability

corporation having a principal place of business at 23314 Farmington Road, Farmington,

Michigan 48836 is a former licensee of DCI that has been using the Mark without

authorization; and

       **WHEREAS**, DCI brought suit against S & D in the United States District Court

for the Eastern District of Michigan ("the Court"), such lawsuit having Case No. 05-

70278 and DCI alleging causes of action therein for trademark infringement in violation

of Section 32(a) of the Lanham Act, 15 U.S.C. §1114(a), for false designation of origin in

violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a) and for unfair

competition in violation of the common law of the State of Michigan; and

**WHEREAS**, on April 27, 2005 the Court entered a PERMANENT

INJUNCTION against S & D and its officers, agents, servants, employees and attorneys,

and all those in active concert or participation with it from using the mark and/or name

"DOLLAR CASTLE" or any confusingly similar mark or name, in connection with the

sale, offering for sale, distribution, promotion, and/or advertisement of goods or general

merchandise to the Public; and

**WHEREAS**, as part of the PERMANENT INJUNCTION the Court found that S

& D's unauthorized use of  "DOLLAR CASTLE" in connection with retail stores

services featuring general merchandise was a violation of 15 U.S.C. 1114(a), 15 U.S.C.

1125(a) and Michigan common law;

**NOW, THEREFORE**, in consideration of the settlement of DCI's suit against S

& D and for other good and valuable consideration, receipt of which is hereby

acknowledged, the Parties agree as follows:

1.       S & D shall pay and deliver to the law offices of Gifford, Krass, Groh, Sprinkle,

Anderson & Citkowski, P.C., located at 2701 Troy Center Drive, Suite 330, Troy,

Michigan, by 12:00 noon EDT on Tuesday, May 31, 2005, the sum of $15,000 (US).

Such sum shall be paid only by certified check or in cash and any certified check shall be

made jointly payable to "Dollar Castle, Inc. and Gifford, Krass et. al."  In the event S &

D shall fail to timely pay and deliver the sum as set forth above, S & D shall be required

to pay and deliver, and S & D agrees to pay and deliver, an additional sum of $500 (US)

for each day that S & D delays in the payment and delivery of the $15,000.  If the late

payment is caused by DCI, their attorneys or agents or any other event not in the control of S & D, this requirement shall be waived, in part, in an amount proportional to the delay.

2.      Each party shall sign the Consent Judgment that is attached hereto as Exhibit A concurrently with the signing of this Settlement Agreement.

3.      The Permanent Injunction entered against S & D by the Court on April 27, 2005, to which S & D consented, shall remain in full force and effect.

4.      S & D agrees that DCI is the owner of the Mark, that the Mark is valid and that DCI has the exclusive right to use the Mark in commerce.  S & D further agrees that it shall not contest the validity of the Mark or DCI's ownership or exclusive right to use the Mark.

5.      The Court shall retain jurisdiction over this matter for purposes of enforcing this Settlement Agreement and Consent Judgment.

6.      Each Party has sought and obtained the assistance and advance of legal counsel prior to signing this Settlement Agreement and Consent Judgment.

7.      S & D shall provide DCI with evidence sufficient for DCI to conclude that S & D is no longer using the Mark.  Such evidence shall be provided on or before 12:00 noon EDT on Tuesday, May 31, 2005 and include, but not be limited to, photographs of S & D's storefront, interior, hand baskets and carts, copies of cash register receipts, ATM receipts, aisle markers, fax printout headers, accounting documents (e.g., ledger printout headers), vendor invoices, telephone service account name, samples of recent advertisements and licenses (e.g., business, sales tax, food, etc).

8.      The Parties do hereby remise, release, acquit, satisfy and forever discharge one another, of and from all manner of actions, causes of action, suits, debts, covenants,

contracts, controversies, agreements, promises, claims and demands whatsoever, which
they ever had, may have, now has, or which any personal representative, successor, heir
or assign of each party, hereafter can, shall or may have, against one another, by reason
of any matter, or any other cause or thing whatsoever, from the beginning of time to the
date of this instrument.

Signed this 24th day of May, 2005:

For Dollar Castle, Inc.                                          For S & D Retail, LLC.


/s/William J. Donnelly_____                     /s/Sami Loussia_____
Signature                                                        Signature

William J. Donnelly_____                        Sami Loussia_____
Print Name                                                     Print Name

Chief Financial Officer_____                     President_____
Title                                                               Title